# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 19-1519V

| | |
|---|---|
| MARYANN DAUGHERTY,<br><br>     Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>     Respondent. | Chief Special Master Corcoran<br><br>Filed: September 3, 2024 |

*Daniel James Leeper*, St. Petersburg, FL, for Petitioner.

*Jennifer Leigh Reynaud*, U.S. Department of Justice, Washington, DC, for Respondent.

### DECISION[1]

  On October 1, 2019, Maryann Daugherty filed a Petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"), alleging a *right* shoulder injury. In light of my previous finding that the at-issue vaccine was administered in Petitioner's *left* arm,[3] and the lack of any further submissions from Petitioner, any remaining causation-in-fact claim is hereby dismissed for insufficient proof and for failure to prosecute.

---

[1] Because this unpublished Decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

[3] *See* Findings of Fact and Conclusions of Law Dismissing Table SIRVA Claim filed June 5, 2024 (ECF No. 31) (containing a longer discussion of the procedural history, and the underlying evidence, which is fully incorporated and relied upon herein).

**Insufficient Proof**

Under Section 13(a)(1)(A) of the Act, a petitioner must demonstrate, by a preponderance of the evidence, that all requirements for a petition set forth in section 11(c)(1) have been satisfied. A petitioner may prevail on her claim if the vaccinee for whom she seeks compensation has "sustained, or endured the significant aggravation of any illness, disability, injury, or condition" set forth in the Vaccine Injury Table (the Table). Section 11(c)(1)(C)(i).

If, however, the vaccinee suffered an injury that either is not listed in the Table or did not occur within the prescribed time frame, petitioner must prove that the administered vaccine caused injury to receive Program compensation on behalf of the vaccinee. Section 11(c)(1)(C)(ii) and (iii). In such circumstances, petitioner asserts a "non-Table or [an] off-Table" claim and to prevail, petitioner must prove her claim by preponderant evidence. Section 13(a)(1)(A). This standard is "one of . . . simple preponderance, or 'more probable than not' causation." *Althen,* 418 F.3d at 1279-80 (referencing *Hellebrand v. Sec'y of Health & Hum. Servs.*, 999 F.2d 1565, 1572-73 (Fed. Cir. 1993). The Federal Circuit has held that to establish an off-Table injury, petitioners must "prove . . . that the vaccine was not only a but-for cause of the injury but also a substantial factor in bringing about the injury." *Shyface v. Sec'y of Health & Hum. Servs.*, 165 F.3d 1344, 1351 (Fed. Cir 1999). *Id.* at 1352. The received vaccine, however, need not be the predominant cause of the injury. *Id.* at 1351.

The Circuit Court has indicated that petitioners "must show 'a medical theory causally connecting the vaccination and the injury'" to establish that the vaccine was a substantial factor in bringing about the injury. *Shyface*, 165 F.3d at 1352-53 (quoting *Grant v. Sec'y of Health & Hum. Servs.*, 956 F.2d 1144, 1148 (Fed. Cir. 1992)). The Circuit Court added that "[t]here must be a 'logical sequence of cause and effect showing that the vaccination was the reason for the injury.'" *Id.* The Federal Circuit subsequently reiterated these requirements in its *Althen* decision. *See* 418 F.3d at 1278. *Althen* requires a petitioner:

> to show by preponderant evidence that the vaccination brought about her injury by providing: (1) a medical theory causally connecting the vaccination and the injury; (2) a logical sequence of cause and effect showing that the vaccination was the reason for the injury; and (3) a showing of a proximate temporal relationship between vaccination and injury.

2

*Id.* All three prongs of *Althen* must be satisfied. *Id.*

Finding a petitioner is entitled to compensation must not be "based on the claims of a petitioner alone, unsubstantiated by medical records or by medical opinion." Section 13(a)(1). Further, contemporaneous medical records are presumed to be accurate and complete in their recording of all relevant information as to petitioner's medical issues. *Cucuras v. Sec'y of Health & Hum. Servs.*, 993, F.2d 1525, 1528 (Fed. Cir. 1993). Testimony offered after the events in questions is considered less reliable than contemporaneous reports because the need for accurate explanation of symptoms is more immediate. *Reusser v. Sec'y of Health & Hum. Servs.*, 28 Fed. Cl. 516, 523 (1993).

I previously determined that the flu vaccine received by the Petitioner on October 6, 2016, was more likely than not administered in her left deltoid. That finding required dismissal of her right-sided Table SIRVA claim, but she was permitted to consider whether any off-Table, causation-in-fact claim might be feasible. However, she has not made any representation to that effect – within the specified 30-day timeframe, or in the two months thereafter.

The medical records do not establish causation-in-fact. In particular, the initial evaluations by primary care providers do not contain any specific medical assessment of Petitioner's right shoulder complaint. *See generally* Exs. 2, 5. An orthopedist reviewed that the MRIs and clinical evidence were not consistent with a fracture, dislocation, structural abnormalities, or bursitis. Ex. 9 at 5. A neurologist found no evidence of brachial neuritis/ plexopathy, an axillary nerve injury, or complex regional pain syndrome. *Id.* at 3.

In addition, no provider recorded the belief, let alone proposed a theory, that the vaccine's administration or any of its components caused Petitioner's right shoulder complaint. Any mere *references* to the vaccine in the record are based on Petitioner's history, centering on a right-sided administration – which, I have found, has inadequate evidentiary support. *See also Snyder v. Sec'y of Health & Hum. Servs.*, No. 01–0162V, 2009 WL 332044, at *187 n.523 (Fed. Cl. Spec. Mstr. Feb. 12, 2009), *mot. for review den'd*, 88 Fed. Cl. 706 (2009) (discussing the importance of an accurate factual basis for any treating provider or expert opinion); *Burns v. Sec'y of Health & Hum. Servs.*, 3 F.3d 415, 417 (Fed. Cir. 1993) (holding that a special master may reject an opinion that is "based on facts not substantiated by the record").

Petitioner was also instructed to consult with Respondent if she wished to seek medical expert support for her claim, and then seek authorization in the context of this matter. Findings of Fact at 10 (noting that any request for experts would likely support the

case's transfer out of SPU). But she has not requested expert involvement. Accordingly, there is insufficient evidence of causation-in-fact to proceed with the claim.

### Failure to Prosecute

An additional ground for dismissal herein arises from Petitioner's general failure to prosecute this matter. It is a petitioner's obligation to follow and respond to orders issued by a special master in a case. The failure to do so – whether on account of attorney error, inaction, or because a petitioner has failed to stay in contact and/or communicate with counsel - is grounds for the claim's dismissal. *Tsekouras v. Sec'y of Health & Human Servs.*, 26 Cl. Ct. 439 (1992), *aff'd*, 991 F.2d 810 (Fed. Cir. 1993) (per curiam), ("[c]ontrolling precedent considers dismissal appropriate when failure to act is deemed willful, when it is in violation of court orders, when it is repeated, and when clear warning is given that the sanction will be imposed"); *Sapharas v. Sec'y of Health & Human Servs.*, 35 Fed. Cl. 503 (1996) ("[n]ot only did petitioner fail to meet the court's . . . . deadline, but he also ignored the chief special master's 'warning' order, clearly placing petitioner on notice that failure to respond to the court's order . . . , would result in dismissal of the claim. The chief special master clearly did not abuse his discretion in dismissing this case for failure to prosecute"); *see also* Vaccine Rule 21(b) ("[t]he special master or the court may dismiss a petition or any claim therein for failure of the petitioner to prosecute or comply with these rules or any order of the special master or the court.").

My June 5, 2024, filing specifically warned Petitioner that any remaining causation-in-fact claim risked dismissal, and therefore it was critical that she took steps to bulwark the claim. But she did not respond by the 30-day deadline or at any time thereafter, without offering any justification or explanation. As previously warned, this lack of response is hereby interpreted as a failure to prosecute.

### Conclusion

Accordingly, this case is DISMISSED for insufficient evidence and for failure to prosecute. The Clerk of Court shall enter judgment accordingly.[4]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[4] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.